VICTOR TALKING MACHINE COMPANY, complainant-appellant,

*v.*

WILLIAM CAUBRE, defendant-respondent.

[Decided September 27th, 1934.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Davis, who filed the following opinion:

"On a motion to strike out complainant's bill, the situation presented is that the defendant was in the employ of complainant on or about January 25th, 1924, as a mechanic in its plant in the city of Camden, such employment being under section 1 of the New Jersey Compensation act; that while so employed, defendant claimed to have received injuries, among which was the loss of his sight, and complainant agreed to pay defendant, in settlement of his claim for damages, the sum of $2,000, and to credit him with the further sum of $308.71 theretofore advanced to him, and on May 9th, 1924, paid defendant $2,000 and gave him the credit; a release was signed by defendant, dated May 9th, 1924. Defendant continued in the employ of complainant at various times until the month of June, 1929; prior to that time, on October 15th, 1925, he brought an action at law in the common pleas court of Camden county; an answer was filed by complainant herein to the complaint in said action, to which answer defendant herein filed a reply; in March, 1926, when the action came on to be tried, a stipulation was executed by the attorneys of the respective parties and filed in the clerk's office of Camden county. Pursuant to the stipulation, a judgment of voluntary nonsuit was entered, with an agreement that such suit might be reinstated at any time by the plaintiff therein, the defendant in this cause, should the conditions which then existed change, such option to be exercised by the attorney of the defendant herein at his discretion, and waiving, in the event of such reinstatement, the statute of limitations as a defense to the suit, so that the same should be tried on its merits.

"In October, 1931, application was made on behalf of the defendant herein to reinstate the action at law, which application was granted by a rule entered in the Camden county court of common pleas on October 23d, 1931; subsequently, on application of the defendant herein, and on December 27th, 1932, the judge of the said court of common pleas, over objec-

tion of the complainant herein, entered a rule amending the reply of the defendant herein theretofore filed in said action by adding the following paragraph:

" '2. The release mentioned in the fourth defense of the answer was obtained by false and fraudulent representations in that defendant promised plaintiff to pay his medical bills; pay him $2,000 and give him his job for life, which plaintiff accepted, and when defendant paid plaintiff the $2,000, defendant asked plaintiff to sign said release which plaintiff signed, though unable to see to read at that time, on the assurance of defendant that said release was a paper containing said agreement including said provision for a lifetime job whereas said release contained no such provision.'

"To the latter rule the complainant herein filed an exception; the complainant herein filed a sur-reply to this amended reply, denying the allegation; said action at law is on the list for trial; at no time after the payment of the sum of $2,308.71 by the complainant herein to defendant did the defendant tender or offer to return to complainant said sum, and no steps were taken by defendant to repudiate or rescind the release until the amendment of the reply in the suit at law; in an examination in advance of the trial of the suit in the law court, defendant admitted that he executed said release and that it contained all the terms of the agreement between himself and complainant except a provision for the employment of defendant for the remainder of his life. Complainant alleges that it never agreed to give defendant a lifetime job and that the defendant herein is not now entitled to challenge the said release because of his delay and laches, nor until he shall return or tender the consideration aforesaid.

"The present motion to strike the bill must prevail. The court in which the suit at law is pending has jurisdiction to determine all the questions in connection with the issues raised therein; the plaintiff at law alleges fraud in the execution of the release, but neither rescission nor cancellation is sought by either party, and the law court can fully, completely and adequately pass on every other question here involved, so that there is no reason why this court should assume juris-

diction. The court of errors and appeals reversed this court in declining to strike a bill in a case very much resembling the one here presented. *Savage* v. *Edgar, 86 N. J. Eq. 205* (at *p. 210*), where the court said:

" 'The accord set up and executed by the respondent Savage will afford a complete defense to the appellant's action at law, unless it should appear that the appellant was induced to sign a release (for such was the legal effect of the written agreement fully performed by the respondent Savage), by false and fraudulent representations as to the value of the stock. Of course, if the execution of the instrument was induced by fraud, that can be shown in an action at law.' "

*Messrs. Starr, Summerill & Lloyd (Mr. Joseph J. Summerill, Jr., of counsel), for the appellant.*

*Messrs. Riggins & Davis, for the respondent.*

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion delivered by Vice-Chancellor Davis in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.